# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MERCER GLOBAL ADVISORS INC., <br><br> Movants, <br><br> v. <br><br> CAPITAL CITY CLUB, <br><br> Respondent. | Misc. Action No.:  1:24-mi-99999 |
| MERCER GLOBAL ADVISORS INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACG WEALTH, INC. a Georgia corporation, <br> JEFFREY SHAVER, an individual, <br> JOSEPH YOUNG, an individual, and <br> DAVID MILLICAN, an individual, <br><br> Defendants. | Underlying action pending in the United States District Court for the District of Colorado <br><br> Case No.: 1:23-cv-02748 (D. Colo.) |
| ACG WEALTH, INC., a Georgia corporation, <br> JEFFREY SHAVER, an individual, <br> JOSEPH YOUNG, an individual, and <br> DAVID MILLICAN, an individual, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> MERCER GLOBAL ADVISORS INC., <br><br> Counterclaim Defendant. | |

## MOTION TO ENFORCE SUBPOENA
## TO COMPEL PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 45, Mercer Global Advisors Inc. ("Mercer") files this Motion to Enforce Subpoena to Compel the Production of Documents

("Motion") from Respondent Capital City Club to enforce the subpoena issued by the United States District Court for the District of Colorado and served on Respondent on May 30, 2024 ("Subpoena").

Mercer's Motion is made on the grounds set forth in the concurrently filed Memorandum of Law in Support of Mercer's Motion to Enforce Subpoena (and Declaration of A. Shane Nichols), including that Capital City Club has completely failed to respond to or comply with the Subpoena.

Respectfully submitted, this 18th day of July, 2024.

MCDERMOTT WILL & EMERY LLP

July 18, 2024

By: */s/ Shane Nichols*
A. Shane Nichols
Georgia Bar No. 542654
1180 Peachtree St. NE, Suite 3350
Atlanta, GA 30309
Phone: (404) 260-8553
E-mail: ShaneNichols@mwe.com
*Attorneys for Mercer Global Advisors Inc.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that Mercer's Motion to Enforce Subpoena to Compel the Production of Documents and its Memorandum of Law in support thereof have been prepared in a Times New Roman, 14-point font and otherwise comply with Civil Local Rule 5.1.

|  |  |
|---|---|
|  | McDERMOTT WILL & EMERY LLP |
| Dated: July 18, 2024 | By: */s/ Shane Nichols* |
|  | A. Shane Nichols |
|  | 1180 Peachtree St. NE, Suite 3350 |
|  | Atlanta, GA 30309 |
|  | Phone: (404) 260-8553 |
|  | E-mail: ShaneNichols@mwe.com |
|  | *Attorneys for Mercer Global Advisors Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing document will be served on Respondent in a manner prescribed by Fed. R. Civ. P. 5, and a further proof of service will be filed with the Court when service is made.

                                          McDERMOTT WILL & EMERY LLP

Dated: July 18, 2024            By:   */s/ Shane Nichols*
                                          A. Shane Nichols
                                          1180 Peachtree St. NE, Suite 3350
                                          Atlanta, GA 30309
                                          Phone: (404) 260-8553
                                          E-mail: ShaneNichols@mwe.com
                                          *Attorneys for Mercer Global Advisors Inc.*

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| MERCER GLOBAL ADVISORS INC., <br><br> Movants, <br><br> v. <br><br> CAPITAL CITY CLUB, <br><br> Respondent. | Misc. Action No.:   1:24-mi-99999 |
| MERCER GLOBAL ADVISORS INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACG WEALTH, INC. a Georgia corporation, <br> JEFFREY SHAVER, an individual, <br> JOSEPH YOUNG, an individual, and <br> DAVID MILLICAN, an individual, <br><br> Defendants. | Underlying action pending in the United States District Court for the District of Colorado <br><br> Case No.: 1:23-cv-02748 (D. Colo.) |
| ACG WEALTH, INC., a Georgia corporation, <br> JEFFREY SHAVER, an individual, <br> JOSEPH YOUNG, an individual, and <br> DAVID MILLICAN, an individual, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> MERCER GLOBAL ADVISORS INC., <br><br> Counterclaim Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE SUBPOENA**

1

## I. INTRODUCTION

Mercer Global Advisors, Inc.'s ("Movant" or "Mercer") filed a Complaint against defendants ACG Wealth, Inc. ("ACG Wealth"), Jeffrey Shaver ("Shaver"), Joseph Young ("Young"), and David Millican ("Millican") (collectively, "Defendants") (together, the "Parties") in the District of Colorado on October 20, 2023. Mercer filed its First Amended Complaint on June 22, 2024. *See* Declaration of A. Shane Nichols ("Nichols Decl."), ¶¶ 3-5, *Mercer Global Advisors Inc., v. ACG Wealth, Inc., et al.,* No. 1:23-cv-02748-PAB, (D. Colo. Jun. 22, 2024) ("Colorado Action").

On May 30, 2024, Mercer served a subpoena on Capital City Club with a compliance deadline of June 18, 2024 ("Subpoena"). Nichols Decl., ¶¶ 3, 7, 8. Capital City Club has never responded to the Subpoena or produced the documents sought by the Subpoena. Nichols Decl., ¶ 9. Mercer is forced to file this Motion by Capital City Club's refusal to respond to Mercer's Subpoena and comply with its discovery obligations under the Federal Rules of Civil Procedure. Because Capital City Club never responded to the Subpoena, Mercer was unable to meet and confer with Capital City Club prior to filing its Motion. *Id*.

Mercer's request for production of documents, consisting of four categories of documents and twelve requests, are straightforward, concise and seek information highly relevant to the parties' claims and defenses in the Colorado Action. With

discovery set to close on August 30, 2024, Mercer has no other recourse but to file this Motion. Nichols Decl., ¶ 10.

## II. BACKGROUND

### A. The Underlying Colorado Action

Mercer's First Amended Complaint arises from Defendants' breach of the Parties' August 6, 2021 Asset Purchase Agreement ("APA"), pursuant to which Mercer agreed to purchase certain assets, business, and operations of ACG Wealth. Nichols Decl., ¶ 5. Young and Shaver failed to satisfy their obligations under the APA to take commercially reasonable steps to ensure the retention of key personnel in addition to other key functions, instead apparently taking the money from the sale and heading to the golf course, specifically Capital City Club. Nichols Decl., Ex. 1, ¶ 27.

Through their conduct, Young and Shaver also breached their employment agreements with Mercer. Nichols Decl., ¶ 5. In the months immediately following Mercer's acquisition of ACG Wealth, Young and Shaver essentially stopped performing their duties as Mercer employees: for example, they did not check or respond to messages sent to their Mercer email accounts, did not sign on to the Company's other computer systems with any regularity, did not attend required transition, team and training meetings, did not engage with and/or respond to requests for information from Company executives, and did not bring in new clients

3

and/or recruit new advisors to Mercer, all of which was required of Defendants under their employment agreements. Nichols Decl., Ex. 1, ¶ 13.

On November 17, 2023, Defendants filed their Answer and ACG Wealth, Young and Shaver filed a Counterclaim against Mercer. Nichols Decl., Ex. 2. Although Mercer sought to dismiss the Counterclaim, the motion remains pending and discovery has been ongoing since approximately February 2024. Nichols Decl., ¶ 10.

B.     **The Subpoena**

On May 30, 2024, Mercer served Capital City Club with a Subpoena requesting the production of documents for Defendants Jeffrey Shaver and Joseph "Jody" Young. Nichols Decl., ¶¶ 3, 7, 8. There Subpoena includes twelve (12) requests for production, seeking from Capital City Club:

- RFP No. 1: "All Documents Relating To any visit, activity, or expenditures by Joseph Young, Jr. at Capital City Club."

- RFP No. 2: "All Documents Relating To any visit, activity, or expenditures by Jody Young at Capital City Club."

- RFP No. 3: "All Documents Relating To any visit, activity, or expenditures by Jeffrey Shaver at Capital City Club."

- RFP No. 4: "All Documents Relating To all charges incurred by Joseph Young, Jr. from Capital City Club, including but not limited to any charges incurred at any Capital City Club restaurant and/or bar."

- RFP No. 5: "All Documents Relating To all charges incurred by Jody Young from Capital City Club, including but not limited to any charges incurred at any Capital City Club restaurant and/or bar."

- RFP No. 6: "All Documents Relating To all charges incurred by Jeffrey Shaver from Capital City Club, including but not limited to any charges incurred at any Capital City Club restaurant and/or bar."

- RFP No. 7: "All Documents Relating To any bills assessed to Joseph Young, Jr. by You."

- RFP No. 8: "All Documents Relating To any bills assessed to Jody Young by You."

- RFP No. 9: "All Documents Relating To any bills assessed to Jeffrey Shaver by You."

- RFP No. 10: "All Documents Relating To any golf or other athletic scores posted by Joseph Young, Jr."

- RFP No. 11: "All Documents Relating To any golf or other athletic scores posted by Jody Young."

- RFP No. 12: "All Documents Relating To any golf or other athletic scores posted by Jeffrey Shaver."

Nichols Decl., Ex. 3.

Capital City Club has not challenged the validity of the Subpoena or effectiveness of service. Nichols Decl., ¶ 9. Nor has Capital City Club moved to quash the Subpoena by way of a motion to quash or a protective order. *Id*.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure permit broad, open "discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Spacecon Speciality Contractors, LLC v. Bensinger*, No. 09-

CV-02080-REB-KLM, 2010 WL 3927783, at *2 (D. Colo. Oct. 1, 2010) ("Relevance under Rule 26 is extremely broad.").

"In establishing the scope of discovery, Rule 26(b)(1) does not distinguish between parties and non-parties." *W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*, No. 11-CV-01611-MSK- CBS, 2014 WL 1257762, at *21 (D. Colo. Mar. 27, 2014). Accordingly, Rule 45(a) authorizes parties to issue subpoenas to non-parties as part of their discovery efforts. Fed. R. Civ. P. 45(a)(2)(C), (c)(1). Where a non-party otherwise withholds documents, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

"When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Simpson v. Univ. of Colo.,* 220 F.R.D. 354, 356 (D. Colo. 2004) (citations omitted).

6

## IV. ARGUMENT

### A. The Subpoena Should be Enforced

The Subpoena should be enforced because it seeks relevant documents and information that are central to the claims and defenses raised in the Colorado Action. Under Colorado law, a breach of contract claim has four elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *Gruber v. Regis Corp.*, 2019 WL 1083699, at *8 (D. Colo. Jan 31, 2019). Capital City Club is a non-party in the underlying action. Nichols Decl., ¶ 3. Nevertheless, Capital City Club has relevant information that directly intertwines with and lies at the heart of the allegations in Mercer's First Amended Complaint, namely that defendants Shaver and Young were engaged in recreational activities while failing to perform their contractual duties in breach of their respective employment agreements and APA with Mercer. More specifically, discovery in the underlying action has revealed that Shaver and Young are active members of the Capital City Club and utilized their membership at Capital City Club during the relevant time period. Mercer believes that Capital City Club has relevant records pertaining to Shaver's and Young's visits, activities and expenditures during the relevant time period at issue. Mercer is entitled to investigate whether Shaver and Young were at Capital City Club when they were supposed to be fulfilling their

7

contractual obligations pursuant to their respective Employment Agreements and APA. Fed. R. Civ. P. 26(b)(1).

At the very least, Mercer is entitled to a response to its Subpoena in order to determine whether any of the requested documents are within the possession, custody, or control of Capital City Club. So as to avoid any unnecessary burden on Capital City Club, the topics for requests for production are narrowly tailored to Shaver and Young's visits, activity, and expenditures at Capital City Club. *See* Nichols Decl., Ex. 3. Capital City Club's complete failure to respond to the Subpoena does not constitute a proper objection to the document requests. *See* Fed. R. Civ. P. 45(d)(2)(B) (objections must be made within 14 days of service); *Sanger v. Ahn*, Civ. No. 119-mi-00105 (MLB)(LTW), 2019 WL 12291345, at *3-*4 (N.D. Ga. Dec. 12, 2019) (granting motion to enforce where plaintiff presented evidence of properly served subpoena, acceptance of subpoena, and subsequent failure to produce documents); *Nazareth Plaza, LLC v. State Farm Fire & Cas. Co.*, Civ. No. 1:18-CV-3605-ODE, 2019 WL 13059935 (N.D. Ga. Oct. 29, 2019) (granting motions to compel compliance with non-party subpoenas; noting "Defendant's requests are neither overly broad nor burdensome as they merely seek information both parties likely maintain in their regular course of business"); *Beard v. Cty. of Stanislaus*, Civ. No. 1:21-cv-00841-DAD-SAB, 2022 U.S. Dist. LEXIS 88495, at *14-15 (E.D. Cal. May 16, 2022) (granting plaintiffs' motions to compel compliance

8

with subpoenas for production of documents served on third parties. The court found that the third parties had been properly notified and served with subpoenas but had neither responded to the subpoenas nor objected to the motions to compel); *Selinger v. Kimera Labs*, No. 20-24267-Civ-GAYLES/TORRES, 2021 U.S. Dist. LEXIS 249508, at *5 (S.D. Fla. Dec. 6, 2021) (granted the defendant's motion to compel and for contempt against a third party who failed to respond to a document subpoena. The court noted that the third party had been properly served with the subpoenas and had not provided any responsive documents, nor had they served timely objections to the subpoena).

### B.  Capital City Club Has Waived any Privilege Objections

Capital City Club cannot withhold any documents on the basis of privilege, because it waived any privilege or protection claim by failing to make it expressly, as the Federal Rules require:

> When information subject to subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communication, or things not produced that is sufficient to enable the demanding party to contest the claim.

Fed. R. Civ. P. 45(d)(2); *see also Patel v. Bhakta*, Civ. No. 1:15-CV-562-MHC-ECS, 2015 WL 12159208 (N.D. Ga. Apr. 29, 2015) (granting motion to compel non-party subpoenas and finding that nonparties had waived any objection to production); *Wilbourn v. Axcess Staffing Serv., LLC*, Civ. No. 1:19-CV-4686-LMM-WEJ, 2020

9

WL 10223303 (N.D. Ga. Jul. 29, 2020) (granting motion to compel non-party subpoenas and finding that non-parties had waived any objection to production). A party seeking to withhold documents on the basis of privilege must prepare a privilege log setting forth the information required in Rule 45(d)(2). *Universal City Dev. Partners, Ltd. v. Ride & Show Eng., Inc.*, 230 F.R.D. 688, 697 (M.D. Fla. 2005). Failure to comply with the privilege log requirement "is deemed to waive the underlying privilege claim." *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001) (citing *Dorf & Stanton Commun., Inc. v. Molson Breweries*, 100 F.3d 919, 923 (Fed. Cir. 1996)); *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 195 (D.D.C. 2003) (same); *Ceramic Corp. of America v. Inka Maritime Corp Inc.*, 163 F.R.D. 584, 587 (C.D. Cal. 1995) ("Failure to comply with Rule 45(d)(2) risks the finding that the privilege has been waived.").

Here, Capital City Club has waived its right to withhold any documents on the basis of privilege because it failed to raise any privilege objection, let alone one with a description sufficient to enable Mercer or the Court to evaluate its claim. Capital City Club's refusal to respond to the Subpoena falls well short of the requirements of Rule 45.

V.  **CONCLUSION**

For the foregoing reasons, Mercer's Motion to Enforce should be granted. Mercer's Subpoena to Capital City Club seeks information relevant to the underlying

10

action and Capital City Club should be compelled to produce the requested responsive, non-privileged documents within fourteen (14) days of this Court's order.

|  |  |
|---|---|
|  | McDERMOTT WILL & EMERY LLP |
| Dated: July 18, 2024 | By: /s/ Shane Nichols<br>A. Shane Nichols<br>1180 Peachtree St. NE, Suite 3350<br>Atlanta, GA 30309<br>Phone: (404) 260-8553<br>E-mail: ShaneNichols@mwe.com<br>*Attorneys for Mercer Global Advisors Inc.* |